UNITED STATES ex rel. NEWCOMER v. POSTMASTER OF CITY OF BUFFALO.

(District Court, W. D. New York. March 10, 1915.)

1. POST OFFICE ☞10—LETTER CARRIER—APPOINTMENT.
   A letter carrier, by virtue of his appointment from the competitive classified list of the federal civil service commission, acquires rights which he cannot be deprived of without due process of law, in accordance with Act Aug. 24, 1912, c. 389, § 6, 37 Stat. 555 (Comp. St. 1913, § 3287), prohibiting the removal of letter carriers without a hearing on the charges.
   [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 17; Dec. Dig. ☞10.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. POST OFFICE ⬤⟿10—LETTER CARRIERS—REINSTATEMENT.

Where a letter carrier, not removed on charges, resigned, a proceeding by him for reinstatement falls within civil service rule 9, providing for reinstatement in the departments in which they formerly served of men separated, without delinquency or misconduct on their part, from competitive positions.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 17; Dec. Dig. ⬤⟿10.]

3. MANDAMUS ⬤⟿77—POWER OF COURT.

While the District Court is without authority to require the performance of acts calling for the exercise of judgment on the part of a postmaster, it may, under Postal Laws and Regulations, § 686, providing that applications for the reinstatement shall be made through the postmaster to the First Assistant Postmaster General, division of city delivery, direct a local postmaster to forward to the First Assistant Postmaster General an application by a letter carrier for reinstatement.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. ⬤⟿77.]

4. MANDAMUS ⬤⟿16—ORDERS—DEFENSES.

That a letter carrier had communicated with the First Assistant Postmaster General, who refused to consider his application for reinstatement, is no ground for denying mandamus to compel the local postmaster to forward the carrier's application to the First Assistant Postmaster General, in accordance with Postal Laws and Regulations, § 686.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 48, 59, 60; Dec. Dig. ⬤⟿16.]

5. MANDAMUS ⬤⟿162—MOTION TO QUASH—RELIEF.

On the relation of a letter carrier, who was seeking reinstatement, an alternative writ of mandamus was issued against the postmaster. The postmaster moved to quash, and relator sought, in such proceeding, to have certain ex parte statements and marks against him on file in the postmaster's office erased. *Held* that, while the motion to quash is in the nature of a demurrer, yet in view of new Supreme Court rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) abolishing demurrers in equity cases, the matter would be postponed until hearing on the merits.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 338–340; Dec. Dig. ⬤⟿162.]

Application by the United States, on relation of Anson C. Newcomer, for a writ of mandamus against the Postmaster of the City of Buffalo. On motion to quash alternative writ of mandamus. Motion denied.

Charles Oishei, of Buffalo, N. Y., for petitioner.

John D. Lynn, U. S. Dist. Atty., of Rochester, N. Y., and Donald Bain, Asst. U. S. Atty., of Buffalo, N. Y., for respondent.

HAZEL, District Judge. [1, 2] The relator, Anson C. Newcomer, acquired certain rights by virtue of his appointment from the competitive classified list of the United States Civil Service Commission as a letter carrier in the postal service of the United States, of which he cannot be deprived without due process of law. Under chapter 389 of the United States laws of 1912 (Act Aug. 24, 1912, § 6, 37 Stat. 555 [Comp. St. 1913, § 3287]) a letter carrier cannot be removed from his position without a hearing on the charges against him. In

the present case, however, it is alleged that the petitioner was not removed on charges, but tendered his resignation from office on April 2, 1913, which resignation was accepted by the postmaster at Buffalo, N. Y., and that afterwards he applied for reinstatement under civil service rule 9, which substantially provides for reinstatement in the departments in which they formerly served of men separated without delinquency or misconduct on their parts from competitive positions, upon certificates from the Civil Service Commission, where the separation occurred within one year of the application for reinstatement —a condition however which does not apply to honorably discharged Spanish War veterans, to which class petitioner claims to belong. I think that his resignation and its acceptance constituted such a separation from his position as was fairly contemplated by the promulgators of civil service rule 9, governing reinstatement.

[3] The petition alleges that the relator applied for reinstatement, but that the postmaster refused to take the initiatory step of forwarding his application to the First Assistant Postmaster General at Washington. It is contended that the sole duty of the postmaster is to forward to the Civil Service Commission the application of the relator for a certificate of reinstatement; but I do not agree with this contention. The District Court is without power or authority to require the performance of acts calling for the exercise of discretion or judgment on the part of the postmaster, and to compel him by a writ of mandamus to recommend the relator to the Civil Service Commission for reinstatement would in my judgment be an encroachment on his discretionary powers; but the purely ministerial act of forwarding the application for reinstatement to the First Assistant Postmaster General in accordance with section 686 of the Postal Laws and Regulations, providing that applications for reinstatement should be made through the postmaster to the First Assistant Postmaster General, division of city delivery, may properly be ordered performed by this court. Garfield v. Goldsby, 211 U. S. 249, 29 Sup. Ct. 62, 53 L. Ed. 168.

[4] The exhibits attached to the petition indicate that the petitioner has personally communicated with both the First Assistant Postmaster General and the postmaster at Buffalo, requesting reinstatement, and that such officials refuse to consider his request, and the government therefore contends that it would be idle to require the postmaster to forward the application for reinstatement; but I think the petitioner should not be deprived of any benefits which he might derive from a strict compliance with the provisions of section 686, and accordingly the motion of the United States to dismiss the petition is denied.

[5] The petitioner also asks in this proceeding that certain ex parte statements and marks against him, on file in the office of the postmaster, be erased by order of this court, for the reason that they are unauthorized and illegal; but these are matters which I think the respondent may wish to controvert or explain. While it is true that this motion is in the nature of a demurrer to the sufficiency of the petition, and the allegations therefore presumably true, yet as by rule

29 of the new Supreme Court equity rules (198 Fed. xxvi, 115 C. C. A. xxvi) demurrers in equity cases were abolished, I incline to the view that I should not decide this question until the case comes before me at final hearing.